UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES M. KELLEY,<br>　　　　Plaintiff,<br>　v.<br>STATE OF CALIFORNIA, et al.,<br>　　　　Defendants. | Case No. 5:18-cv-04812-EJD<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff James M. Kelley initiated the instant action against Defendants State of California and JP Morgan Chase Bank National Association ("Chase") seeking two forms of relief: a declaration that California's unlawful detainer statute is unconstitutional and an order enjoining the state court from proceeding with such an action filed against him. As it must, the court has reviewed the pleadings to determine whether it possesses subject matter jurisdiction over this action. See Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal."). Because this action is subject to the Rooker-Feldman doctrine, the court concludes that it does not.

I.  **LEGAL STANDARD**

Under the Rooker-Feldman doctrine, "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." Noel v. Hall, 341

Case No.: 5:18-cv-04812-EJD
ORDER TO SHOW CAUSE

1

F.3d 1148, 1154 (9th Cir. 2003). "A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court" but may not "appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties." Id. at 1155.

The Rooker-Feldman doctrine also prohibits district courts from hearing de facto appeals of state-court decisions. A case can be classified as a de facto appeal "when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court." Id. at 1156. "In contrast, if 'a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction.'" Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013) (quoting Noel, 341 F.3d at 1164). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff *also* alleges a legal error by the state court." Id. (emphasis preserved). To determine whether a federal action is a de facto appeal of a state court decision, the court must "pay close attention to the relief sought by the federal-court plaintiff." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003) (citing Kenmen Eng'g v. City of Union, 314 F.3d 468, 476 (10th Cir. 2002)).

If the court finds a de facto appeal masquerading as a federal action, it equally lacks jurisdiction to entertain issues which are "inextricably intertwined" with a de facto appeal. Noel, 341 F.3d at 1158. The "inextricably intertwined" concept "is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman analysis." Bell, 709 F.3d at 897. A claim is "inextricably intertwined" with a state court judgment if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." Fontana Empire Ctr., LLC v. City of Fontana, 307 F.3d 987, 992 (9th Cir.2002) (internal quotations and citations omitted).

## II. DISCUSSION

Certain aspects of Plaintiff's pleadings are important to determine Rooker-Feldman's

Case No.: 5:18-cv-04812-EJD
ORDER TO SHOW CAUSE

2

application here.

First, Plaintiff previously filed in state court an unsuccessful action for wrongful foreclosure against Chase with respect to the same property at issue in the unlawful detainer action. Compl., Dkt. No. 1, at ¶ 35. Plaintiff has appealed from the dismissal of that action. Req. for Judicial Notice, Dkt. No. 15, at Ex. 2. He states that "[w]hether Chase is actually entitled to possession of the property is a disputed material fact, given that the issue of the legality of the foreclosure is pending before the Court of Appeals." Mot. For Inj., Dkt. No. 14, at 17:5-7.

Second, Plaintiff alleges in this case that the unlawful detainer proceeding is violating his civil and constitutional rights because it is a "summary proceeding . . . that prohibits Plaintiff from filing a cross complaint or asserting affirmative defenses specific to the issues of title and fraud, which is deprivation of equal protection under the law." Compl., at ¶ 39. He also alleges that Chase's unlawful detainer complaint "seeks to secure an adjudication of a valid, legal foreclosure process . . . ." Id. at ¶ 61.

Third, as relief for the claims asserted in this action, Plaintiff requests a judgment declaring, inter alia:

> 1. The California Unlawful Detainer Statutes as to mortgagors (prior homeowners), as unconstitutional because the statute requires an examination of title under the strictures of a summary proceeding.
>
> 2. The California Unlawful Detainer Statute as to mortgagors (prior homeowners), as unconstitutional because it fails to provide the mortgagor with adequate procedural due process to defend against the claim.
>
> 3. The California Unlawful Detainer Statute as to mortgagors (prior homeowners), as unconstitutional because it deprives mortgagors from their legal right to defend against issues of title by cross complaint or affirmative defenses challenging the purported title of the plaintiff thereby failing to provide equal protection to the mortgagor, as defendant in the unlawful detainer.
>
> . . . .
>
> 6. Declaratory judgment declaring Chase's use of the unlawful detainer summary proceeding to explain issues of title and fraud violates Plaintiff's constitutional rights because a summary proceeding may not determine issues of title or fraud.

Case No.: 5:18-cv-04812-EJD
ORDER TO SHOW CAUSE

3

Plaintiff also seeks "an injunction enjoining the State of California, specifically the Superior Court of Santa Clara, from proceeding with the unlawful detainer proceeding because the procedure is constitutionally defective in that deprives [unlawful detainer defendants] of their due process and fails to provide equal protection."

These facts show why Plaintiff is using this case to (1) "assert as legal wrongs the allegedly erroneous legal rulings of the state court" and (2) "seeks to vacate or set aside the judgment of that court." Noel, 341 F.3d at 1154. As to the former characteristic of a de facto appeal, Plaintiff's constitutional claim assumes he still has a viable title challenge despite the state court's determination otherwise in his wrongful foreclosure case; that is, by arguing he is improperly precluded from raising a title problem in the unlawful detainer proceedings, he is necessarily asserting the state court was incorrect to hold that Chase's ability to foreclose was not wrongful.

As to the second characteristic, Plaintiff is essentially using this action as a way to set aside, or at least circumvent, the adverse wrongful foreclosure judgment. Indeed, the requested relief reveals that Plaintiff seeks a declaratory judgment and injunction that would, in effect, place the unlawful detainer proceeding on hold until he is permitted to challenge title - again. But that issue was tested and resolved in the wrongful foreclosure action, which is presently before the state court of appeals.

Because it meets Rooker-Feldman's two elements, the court therefore concludes this action, as pled, constitutes a prohibited de facto appeal of the wrongful foreclosure judgment. Furthermore, the court finds the constitutional issues raised in the Complaint are inextricably intertwined with the de facto appeal. As noted, granting Plaintiff any of the relief sought "would effectively reverse the state court decision or void its ruling." Fontana Empire Ctr., 307 F.3d at 992. In fact, a judgment in Plaintiff's favor would reopen an issue already decided by the state court.

### III. ORDER

In light of the foregoing, the court issues an order to show cause why this action should not

Case No.: 5:18-cv-04812-EJD
ORDER TO SHOW CAUSE

4

be dismissed for lack of subject matter jurisdiction. If Plaintiff does not, by **August 31, 2018**, file a written response which establishes why this action is not subject to the Rooker-Feldman doctrine's prohibition on de facto appeals, the court will dismiss this action without prejudice.

The court will take no action on the ex parte application for temporary restraining order (Dkt. No. 16) unless and until it is satisfied of its jurisdiction and the order to show cause is discharged.

**IT IS SO ORDERED.**

Dated: August 27, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-04812-EJD
ORDER TO SHOW CAUSE