UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES M KELLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 5:18-cv-04812-EJD<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 16 |

Plaintiff James M. Kelley seeks from this court on an ex parte, emergency basis an order enjoining Defendants State of California or JPMorgan Chase Bank N.A. ("Chase") from proceeding with an unlawful detainer action venued in state court, pending this court's ruling on the merits in this case. Dkt. No. 16.

The Order to Show Cause filed on August 27, 2018 (Dkt. No. 18), is DISCHARGED.[1] Because Plaintiff has not made a clear showing that a temporary restraining order ("TRO") is appropriate under these circumstances, his application will be denied.

**I.  BACKGROUND**

Plaintiff is the former owner of real property located in Saratoga, California. Though title to the Saratoga property was transferred to Chase after a foreclosure sale, Plaintiff "retains possession of the property . . . and is litigating the wrongful foreclosure in a separate lawsuit through appeal." Compl., at ¶ 15.

---

[1] This does mean, however, that Plaintiff's claims may not be dismissed pursuant to the Rooker-Feldman doctrine by separate order, but only that Plaintiff has made a prima facie showing of subject matter jurisdiction sufficient to justify litigation on the topic.

Case No.: 5:18-cv-04812-EJD
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1

Chase filed an unlawful detainer action against Plaintiff in Santa Clara County Superior Court on August 22, 2017, in which Plaintiff alleges Chase is required to prove, among other facts, perfection of title. Id. at ¶ 36. Plaintiff claims, however, that Chase "relies upon an internet version of an agreement in which the Subject Loan, Deed of Trust and/or Note are not identified as evidence that it is the foreclosing beneficiary." Id. at ¶ 29. Plaintiff also claims that, as a defendant in the unlawful detainer action, he is prohibited by statute "from filing a cross complaint or challenging title." Id. at ¶ 22. Plaintiff believes California's unlawful detainer process is unconstitutional because it deprives unlawful detainer defendants of "adequate protections or processes to protect and defend their rights." Id. at ¶ 42.

Nearly a year after the unlawful detainer action commenced, Plaintiff filed the complaint underlying this case. He asserts two causes of action. The first is entitled "California Unlawful Detainer Statutes Unconstitutional," and the second is entitled "Declaratory and Injunctive Relief for Violation of Plaintiff's Constitutional Rights."[2] This application followed shortly after the complaint.

## II. LEGAL STANDARD

The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). Thus, much like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008).

"To obtain a preliminary injunction, the moving party 'must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary

---

[2] Notably, this is not the only lawsuit involving someone represented by Plaintiff's counsel bringing a claim to invalidate California's unlawful detainer statutes as unconstitutional. Aside from another pending this case in this district - Nunn v. State of California, Case No. 3:18-cv-03862-WHO - Plaintiff's counsel brought two actions in the Central District of California - O'Rrell v. Superior Court of California County of Los Angeles, Case No. CV 18-3652 PA, and Ortiz v. State of California, Case No. 2:18-cv-5562 SJO.

Case No.: 5:18-cv-04812-EJD
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

2

relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.'" Idaho v. Coeur D'Alene Tribe, 794 F.3d 1039, 1046 (9th Cir. 2015) (quoting Pom Wonderful LLC v. Hubbard, 775 F.3d 1118, 1124 (9th Cir. 2014)).

Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). This articulation represents "one alternative on a continuum" under the "'sliding scale' approach to preliminary injunctions employed" by the Ninth Circuit. Id. at 1131-32. But "[t]he critical element in determining the test to be applied is the relative hardship to the parties." Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978). "If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly." Id.

Whether to grant or deny a TRO or preliminary injunction is a matter within the court's discretion. See Miss Universe, Inc. v. Flesher, 605 F.2d 1130, 1132–33 (9th Cir. 1979).

## III. DISCUSSION

Largely parroting his complaint, Plaintiff makes a superficial showing of the elements applicable to claims for injunctive relief. This showing neither demonstrates the requisite urgency nor justifies the issuance of an injunction according to the requisite elements.

As an initial matter, Plaintiff fails to justify why he engaged the TRO process at all. Other than stating that the unlawful detainer has been pending for a year, he provides no update of the proceedings and no support for the imminent loss of anything, let alone any property. The lack of that supporting information is itself a sufficient reason to deny this application on its face, especially since Plaintiff has *already* filed a motion for preliminary injunction. See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (explaining that to obtain a TRO, the "evidence must show that the moving party's cause will be irreparably

Case No.: 5:18-cv-04812-EJD
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

3

prejudiced if the underlying motion is heard according to regular noticed motion procedures"). But this deficiency is doubly fatal, because it also means that Plaintiff has not clearly shown that irreparable injury is likely in the absence of a TRO. See Garcia v. Google, 786 F.3d 733, 746 (9th Cir. 2015) (holding an injunction can issue only on a "clear showing of irreparable harm"); see also Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.").

Moreover, Plaintiff offers nothing other than a conclusion as to whether he is likely to succeed on the merits between his complaint and his TRO application. He states only that California's unlawful detainer statutes violate the constitutional right to due process because it allegedly prohibits defendants from challenging the plaintiff's title. What is missing, however, is why his position has a fair chance of prevailing or why he has raised questions serious enough to justify further litigation. See Benda, 584 F.2d at 315. Such a showing is particularly important here because it is legally unestablished how enjoining the State of California will also enjoin the Santa Clara County Superior Court from proceeding with a pending case.[3] In other words Plaintiff has failed to explain the technicalities of how the superior court acts through the state, or vice versa. Similarly, Plaintiff does not address why his claims challenging a state statute justify any injunctive relief against Chase, which is neither responsible for the allegedly unconstitutional statute nor a state actor.

In addition, this court is statutorily prohibited from enjoining the Santa Clara County Superior Court or the State of California from proceeding with the unlawful detainer action. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Plaintiff does not address the Anti-Injunction Act directly in his application - though he should

---

[3] The State of California is not a party to the unlawful detainer action in any event.

Case No.: 5:18-cv-04812-EJD
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

4

have, given his counsel's experience in other cases - and the court cannot discern from the current application how or why his request to stay the unlawful detainer action falls into one of the Act's limited exceptions. In any event, the applicability of an exception would be doubtful given the state of authority on this topic, and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings [will] be resolved in favor of permitting the state courts to proceed . . . ." Atl. Coast Line R.R. Co. v. Bd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970).

Plaintiff has not articulated irreparable harm, and his likelihood of success on the merits is nil. For these reasons and those explained above, he is not entitled to the extraordinary relief he seeks.

## IV. ORDER

The ex parte application for temporary restraining order and preliminary injunction (Dkt. No. 16) is DENIED.

**IT IS SO ORDERED.**

Dated: September 11, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-04812-EJD
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
5